IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL STEINOCHER,

    Plaintiff,     No. 2: 12-cv-0467 DAD P

  vs.

CHRISTOPHER SMITH, et al.,

    Defendants.     ORDER
_____/

    Plaintiff is a state prisoner proceeding *pro se* with a complaint brought under 42 U.S.C. § 1983. Presently before the court is plaintiff's motion for a preliminary injunction which seeks to require the defendants to provide plaintiff with diagnostic testing and treatment for his neck injuries. (See Dkt. No. 5.) For the following reasons, the motion for a preliminary injunction will be denied.[1]

    Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), plaintiff has consented to the jurisdiction of a United States Magistrate Judge. (See Dkt. No. 4.) No defendant has yet appeared in this action.

1

1  irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,
2  and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127
3  (9th Cir. 2009) (quoting Winter, 555 U.S. at 20)).  See also Center for Food Safety v. Vilsack,
4  636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, plaintiffs must establish that irreparable
5  harm is likely, not just possible, in order to obtain a preliminary injunction.").  The Ninth Circuit
6  has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that
7  serious questions going to the merits were raised and the balance of hardships tips sharply in the
8  plaintiff's favor."[2] Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011)
9  (internal quotation marks and citation omitted).  In cases brought by prisoners involving
10 conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no
11 further than necessary to correct the harm the court finds requires preliminary relief, and be the
12 least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

13         Plaintiff asserts in his complaint that the defendants were deliberately indifferent
14 to his medical needs in violation of the Eighth Amendment with respect to his neck pain and
15 injuries.  However, a plaintiff's general disagreement with the medical treatment he has received
16 is not enough to establish deliberate indifference. See Jackson v. McIntosh, 90 F.3d 330, 332
17 (9th Cir. 1996).  Evidence that medical caregivers disagreed as to the need to pursue one course
18 of treatment over another is also insufficient, by itself, to establish deliberate indifference. Id.
19 Instead, the plaintiff must show that the course chosen by the defendants was medically
20 unacceptable under the circumstances. See id.

21         An order granting a preliminary injunction must state its terms specifically. See
22 Fed. R. Civ. P. 65(d).  Plaintiff requests the defendants "immediately begin providing plaintiff

---

[2] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as apart of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

1   proper diagnostic testing and treatment for his neck injuries." (Dkt. No. 5 at p. 1.)  Plaintiff
2   attaches a copy of a August 27, 2008 report from Dr. Feng Bai to his motion for a preliminary
3   injunction.  In that report, Dr. Bai stated the treatment he provided plaintiff included:

> Bilateral nerve block and trigger point injection . . . . A mixed solution of 15 mg Kenalog and 5 mL of 2 % lidocaine 10 mL solution.  A nerve block was used with 3 mL of mixed solution on each side.  Four trigger point at bilateral cervical paraspinal muscle and bilateral trapezius muscles were identified and injection with 1 mL mixed solution.

(Dkt. No. 5 at p. 6.)  As plaintiff's complaint makes clear, Dr. Bai provided this treatment to plaintiff.  (See Dkt. No. 1 at p. 4-5.)  Plaintiff does not expressly state in his motion for a preliminary injunction that he seeks a continuation of the treatment Dr. Bai provided him on this one occasion.  To the extent that plaintiff's motion for a preliminary injunction could be liberally construed as seeking a continuation of the treatment provided plaintiff by Dr. Bai, plaintiff still fails to meet the requisite threshold for a preliminary injunction.  The fact that Dr. Bai previously treated plaintiff in this fashion on one occasion does not show that plaintiff's subsequent treatment by defendants for his neck pain/injuries was "medically unacceptable under the circumstances . . . and that [defendants] chose this course in conscious disregard of an excessive risk to plaintiff's health."  Jackson, 90 F.3d at 332.  Accordingly, at this stage of the litigation, plaintiff has not shown that his request for additional treatment and diagnostic testing amounts to more than a difference of opinion as to the nature and extent of plaintiff's injuries.  See id. (stating that a mere difference of medical opinion as to the need to pursue one course as opposed to another was insufficient to establish deliberate indifference) (citing Sanchez v. Vild, 892 F.2d 240, 242 (9th Cir. 1989)).

Plaintiff also refers to several paragraphs of his complaint in his motion for a preliminary injunction.  In several of these paragraphs, plaintiff alludes to various treatment requests he submitted that were denied.  For example, plaintiff notes that he "asked to be seen by MCSP contract Neurologist Dr. Henry, a pain specialist 'and to be given my requested epidural

steroid injections to C-5, 6, 7 damaged area is rubbing on a nerve causing severe chronic pain, for relief.'" (Dkt. No. 1 at p. 5.) Additionally, plaintiff requested "EMG tests to see what nerve is causing the pain and to see if I can find some alternative relief." (Id. at p. 6.) The court assumes that by referring to these paragraphs of the complaint in his motion that plaintiff seeks to have these tests and treatments ordered by the court through the issuance of a preliminary injunction. Nevertheless, plaintiff's lay opinion as to how best to treat his neck pain/injuries does not form a basis that he is likely to prevail on the merits and that he will likely suffer irreparable harm in the absence of an order directing the defendants to "immediately begin providing plaintiff proper diagnostic testing and treatment for his neck injuries" as he has requested  Admissible evidence regarding plaintiff's medical condition and the medical necessity of the treatment sought must be submitted in order for plaintiff to meet his burden as the party moving for preliminary injunctive relief.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for a preliminary injunction (Dkt. No. 5) is DENIED.

DATED: October 4, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
stei0467.pi

4