1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL STEINOCHER,                    No.  2:12-cv-0467 DAD P

12              Plaintiff,

13        v.                               ORDER AND

14   CHRISTOPHER SMITH et al.,             FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of

19   defendants Smith, Fong, Heatley, Akintola, and Zamora.  Plaintiff has filed an opposition to the

20   motion, and defendants have filed a reply.

21                              **BACKGROUND**

22        Plaintiff is proceeding on his original complaint against defendants Dr. Smith, Dr. Fong,

23   Dr. Heatley, Physician's Assistant Akintola, and Chief Zamora.  Therein plaintiff alleges that the

24   defendants failed to provide him with adequate medical care for his degenerative disc disease,

25   which causes him chronic neck pain.  He also alleges that the defendants failed to provide him

26   with adequate medical care for a knee injury he suffered.  In terms of relief, plaintiff requests

27   injunctive relief and damages.  (Compl. at 2-10)

28   /////

                                    1

**ANALYSIS**

I. <u>Motion Pursuant to Rule 12(b)(6)</u>

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). <u>See</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>W. Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. <u>Bretz v. Kelman</u>, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982); <u>see</u> <u>also</u> <u>Pena v. Gardner</u>, 976 F.2d 469, 471 (9th Cir. 1992).

/////

/////

2

1  II. Discussion

2      The court finds that plaintiff's complaint states a cognizable claim for deliberate

3  indifference under the Eighth Amendment against the named defendants.  To maintain an Eighth

4  Amendment claim based on inadequate medical care, a prisoner-plaintiff must allege facts

5  showing "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97

6  (1976).  In the Ninth Circuit, a deliberate indifference claim has two components:

7

> First, the plaintiff must show a "serious medical need" by
> demonstrating that "failure to treat a prisoner's condition could

8
> result in further significant injury or the 'unnecessary and wanton
> infliction of pain.'"  Second, the plaintiff must show the

9
> defendant's response to the need was deliberately indifferent.  This
> second prong – defendant's response to the need was deliberately

10
> indifferent – is satisfied by showing (a) a purposeful act or failure
> to respond to a prisoner's pain or possible medical need and (b)

11
> harm caused by the indifference.  Indifference "may appear when
> prison officials deny, delay or intentionally interfere with medical

12
> treatment, or it may be shown by the way in which prison
> physicians provide medical care." (internal citations omitted)

13

14  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

15      Accepting as true plaintiff's material allegations and construing those allegations and the

16  reasonable inferences that can be drawn from them in the light most favorable to the plaintiff,

17  plaintiff's complaint states a cognizable claim for constitutionally inadequate medical care in

18  violation of the Eighth Amendment.  In plaintiff's complaint, he alleges that he suffers from (and

19  has been diagnosed with) a degenerative disc disease which causes him chronic neurological pain.

20  Plaintiff also alleges that he suffered from an apparent tear of the anterior cruciate ligament of his

21  right knee, which also causes him pain.  (Compl. at 4-8.)  In this regard, plaintiff adequately

22  alleges that he has "serious medical needs" that, if left untreated, "could result in further

23  significant injury or the 'unnecessary wanton infliction of pain.'"  See Jett, 439 F.3d at 1096.

24      In addition, plaintiff alleges that he repeatedly asked the named defendants for appropriate

25  and adequate medical care, including effective pain management, to no avail.  Specifically,

26  according to plaintiff, the defendants either directly denied him medical care at his medical

27  appointments, denied him relief when he sought medical care through the inmate appeals process,

28  and/or provided him medical care inconsistent with outside treating neurologist Dr. Bai's orders

1    and recommendations with regard to the appropriate medical treatment.  In this regard, plaintiff

2    adequately alleges that defendants failed to act in response to plaintiff's serious medical needs

3    resulting in his suffering and harm.  See Farmer v. Brennan, 511 U.S. 825 (1994) (deliberate

4    indifference to a medical need is shown when a prison official knows that an inmate has a serious

5    medical need and disregards that need by failing to respond reasonably); Snow v. McDaniel, 681

6    F.3d 978, 988 (9th Cir. 2012) (nontreating, non-specialist physicians may have been deliberately

7    indifferent to prisoner's needs when they repeatedly denied outside specialists' recommendations

8    for hip-replacement surgery), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076

9    (9th Cir. 2014); Jett, 439 F.3d at 1097-98 (prison doctor may have been deliberately indifferent to

10   a prisoner's medical needs when he decided not to request an orthopedic consultation as the

11   prisoner's emergency room doctor had previously ordered); Wakefield v. Thompson, 177 F.3d

12   1160, 1165 & n. 6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he

13   ignores the instructions of the prisoner's treating physician or surgeon."); McGuckin v. Smith,

14   974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant must purposefully ignore or fail to respond

15   to a prisoner's pain or possible medical need in order for deliberate indifference to be

16   established."), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th

17   Cir. 1997).

18          Turning to defendants' specific contentions, the court is not persuaded by defense

19   counsel's argument that plaintiff fails to state a cognizable claim against defendant Dr. Smith,

20   Chief Physician and Surgeon, because plaintiff has not sufficiently alleged that defendant Dr.

21   Smith was personally involved in the alleged violation of plaintiff's constitutional rights.  (Defs.'

22   Mot. to Dismiss at 5.)  In his complaint, plaintiff alleges that he pursued an inmate appeal

23   concerning the denial of adequate pain management for his chronic neck pain.  (Compl. at 8-9)

24   Plaintiff further alleges that during the inmate appeals process defendants Dr. Heatley and Dr.

25   Fong denied his inmate appeal at the second level of review because defendant Dr. Smith

26   reviewed Dr. Bai's treatment plan for plaintiff and determined that the treatment plan

27   recommendations were not medically necessary.  (Id. at 9)  In this regard, plaintiff has alleged a

28   sufficient casual connection between actions allegedly taken by defendant Dr. Smith and

4

1   plaintiff's claimed constitutional violations.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir.

2   2011) (a supervisory defendant may be held liable " 'if there exists either (1) his or her personal

3   involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

4   supervisor's wrongful conduct and the constitutional violation.' "); see also Hansen v. Black, 885

5   F.2d 642, 646 (9th Cir. 1989) ("Supervisory liability exists even without overt personal

6   participation in the offense act if supervisor officials implement a policy so deficient that the

7   policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

8   violation.' ").

9        In addition, although defense counsel correctly argues in defendants' reply brief that a

10  mere difference of opinion between a prisoner and prison medical staff or between medical

11  professionals does not give rise to liability on a § 1983 claim, it is also well established that

12  deliberate indifference may be shown when prison officials ignore express orders from a

13  prisoner's treating physician(s) and/or when prison officials purposefully ignore or fail to respond

14  to a possible serious medical need.  See Estelle, 429 U.S. at 104-05 (deliberate indifference may

15  manifest "by prison doctors in their response to the prisoner's needs or by prison guards in

16  intentionally denying or delaying access to medical care or intentionally interfering with the

17  treatment once prescribed"); Snow, 681 F.3d at 988; Jett, 439 F.3d at 1097-98; Wakefield, 177

18  F.3d at 1165 & n. 6; McGuckin, 974 F.2d at 1059-61.  Ultimately, defense counsel may well

19  establish that this case is simply one about a mere difference of opinion between physicians as to

20  the proper course of treatment.  On the other hand, plaintiff may be able to establish that this is

21  instead a case in which the named defendants deliberately ignored Dr. Bai's recommendations

22  with respect to treatment and pain management.

23       Finally, the court is not persuaded by defense counsel's argument that plaintiff has failed

24  to state a cognizable claim against defendants Dr. Fong, Dr. Heatley, Physician's Assistant

25  Akintola, and Chief Zamora based on their alleged review and denial of his inmate appeals.

26  (Defs.' Mot. to Dismiss at 6.)  Defense counsel is correct that inmates have no separate

27  constitutional right to a prison grievance or appeal system.  See Ramirez v. Galaza, 334 F.3d 850,

28  860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  However, plaintiff has

1    not merely complained that the defendants reviewed or denied his inmate appeals.  Rather,

2    plaintiff has alleged that he put these defendants on notice through the inmate appeals process that

3    he had ongoing serious medical conditions and was not receiving proper care.  In this regard,

4    plaintiff alleges that the defendants' responses to his inmate appeals amounted to refusals to

5    provide him with adequate medical care in keeping with Eighth Amendment standards.  The court

6    finds that these allegations in plaintiff's complaint are sufficient to survive defendants' motion to

7    dismiss.  See Brammer v. Yates, No. F-07-cv-1350 GBC (PC), 2011 WL 5873393 at *5 (E.D.

8    Cal. Nov. 22, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in

9    the administrative grievance process under the Eighth Amendment by alleging that his appeal put

10   defendants on notice that he had a serious medical need that was not being met, and their denial,

11   therefore, constituted deliberate indifference to his medical need."); Uriarte v. Schwarzenegger,

12   No. 06cv1558-MMA (WMC), 2011 WL 4945232 at *6 (S.D. Cal. Oct. 18, 2011) ("[A] plaintiff

13   may establish liability on the part of defendants involved in the administrative grievance process

14   under the Eighth Amendment by alleging that his appeal put the defendants on notice that he had

15   a serious medical need that was not being met, and that their denial therefore constituted

16   deliberate indifference."); Kunkel v. Dill, No. 1:09-cv-00686 LJO SKO PC, 2010 WL 3718942 at

17   *1 (E.D. Cal. Sept. 15, 2010) ("Plaintiff, here, has alleged sufficient facts that plausibly support

18   the conclusion that Defendant Pfeiffer, despite having no medical training, was aware that the

19   denial of Plaintiff's administrative appeal requesting medical treatment exposed Plaintiff to an

20   excessive risk of harm."); Herrera v. Hall, No. 1:08-cv-01882 LJO SKO PC, 2010 WL 2791586

21   at *4 (E.D. Cal. July 14, 2010) ("[I]f there is an ongoing constitutional violation and the appeals

22   coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be

23   able to establish liability by alleging that the appeals coordinator knew about an impending

24   violation and failed to prevent it.").

25        Of course, on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately

26   prevail but whether the claimant is entitled to offer evidence to support the claims." Jackson v.

27   Carey, 353 F.3d 750, 755 (9th Cir. 2003).  In fact, "it may appear on the face of the pleadings that

28   a recovery is very remote and unlikely but that is not the test." Id.  Here, the court finds that

6

1    plaintiff's complaint alleges sufficient facts to plausibly suggest that he is entitled to relief under

2    the Eighth Amendment.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial

3    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

4    inference that the defendant is liable for the misconduct alleged."); Hebbe v. Pliler, 627 F.3d 338,

5    342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when evaluating them under

6    Iqbal."); al- Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009) ("'Asking for plausible grounds

7    to infer' the existence of a claim for relief 'does not impose a probability requirement at the

8    pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery

9    will reveal evidence' to prove that claim."), rev'd on other grounds by Ashcroft v. al-Kidd, __

10   U.S. __ , 131 S. Ct. 2074 (2011); Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)

11   (courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to

12   construe the pleadings liberally and to afford the petitioner the benefit of any doubt.").

13        Accordingly, defendants' motion to dismiss plaintiff's complaint for failure to state a

14   cognizable claim under the Eighth Amendment should be denied.

<strong>CONCLUSION</strong>

16        IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a

17   United States District Judge to this action.

18        IT IS HEREBY RECOMMENDED that:

19        1. Defendants' motion to dismiss (Doc. No. 18) be denied; and

20        2. Defendants be directed to file an answer within thirty days of any order adopting these

21   findings and recommendations.

22        These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27   objections shall be filed and served within seven days after service of the objections.  The parties

28   /////

1  are advised that failure to file objections within the specified time may waive the right to appeal

2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  March 16, 2015

4

5  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

6  DAD:9
   stei0467.57

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28